UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEXON INSURANCE COMPANY,

        Plaintiff,

                                                  Case No. 12-13218
                                                  Honorable Gershwin A. Drain

v.

AZIZ NASER,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO AMEND OR MODIFY JUDGMENT PURSUANT TO FED. R. CIV. P. 59 [#68]**

**I.    INTRODUCTION**

On July 23, 2012, Plaintiff, Lexon Insurance Company ("Lexon"), filed a Complaint against Defendant, Aziz Naser ("Naser"). This Court issued a Judgment in favor of Lexon and against Naser on April 16, 2014. *See* Dkt. No. 61. Presently before the Court is Naser's Motion to Amend or Modify the Judgment Pursuant to FED. R. CIV. P. 59 [#68], filed on May 21, 2014.

Based on the facts and conclusions below, the Court will deny Defendant's Motion to Amend or Modify the Judgment.

**II.    ANALYSIS**

    **A.    Standard of Review**

The disposition of motions under Rule 59(e) are "entrusted to the court's sound

1

discretion." *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citing *Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.* (quoting *Keweenaw Bay*, 904 F. Supp. at 1141).

### B. Agreement of Indemnity

Defendant argues that the Court erred in its interpretation of the indemnity agreement and failed to thoroughly examine applicable extrinsic evidence, as required when interpreting an "ambiguous" agreement. However, Defendant's allegations simply misconstrue this Court's Order and this argument has no merit. This Court conducted a thorough examination of all applicable extrinsic evidence in its interpretation of the Agreement.

### C. Parol Evidence

Defendant next argues that Lexon did not introduce any relevant parol evidence to show that the parties intended for Naser to be personally bound. This argument is also

futile. Naser is attempting to direct the Court to reconsider matters already decided. In issuing its Judgment, this Court considered all relevant extrinsic evidence and acted within its discretion in finding for Lexon.

Even though Naser offered a considerable amount of parole evidence, the Court simply did not find this evidence to be credible. In a trial, essentially for the first time in a case, there is a fact-finder making decisions about the believability of the evidence submitted. In this trial, there was a stipulation as to the evidence to be considered for the Court's decision and the defense evidence just was not that credible. In addition, at trial the burden of proof is different than at any other time during a case. Here the Plaintiff met its burden and the Defendant did not.

A fact is "material" if its resolution affects the outcome of the suit under the governing substantive law. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). Although the defense presented more evidence than the plaintiff, some of it, in the Court's opinion, was not material to the outcome of the suit.

### D. Evidentiary Record

Defendant further argues that the Court erred by negating Naser's relevant parol evidence. Defendant then proceeds to restate arguments already presented - Timothy Morgan's affidavit, Naser's MOS Membership Interest, the MOS Application, certification in the Agreement, Naser's deposition testimony, the settlement agreement, and other rebutted affidavits presented by Naser. None of the evidence Defendant presents provide any reason for this Court to amend or alter its Judgment under Rule 59. Instead, Naser is improperly attempting to obtain a reversal of a judgment by "offering the same arguments

previously presented." *Keweenaw Bay*, 904 F. Supp. at 1141. The Court acted in its discretion in finding in favor of Lexon.

### E. Sufficient Evidence Argument

Finally, Defendant argues that the Court erred as a matter of law by misconstruing Naser's "sufficient evidence" argument as "an affirmative defense which Naser did not raise in his first responsive pleadings." However, Naser again attempts to improperly raise arguments that this Court has already considered and rejected. An amendment to a judgment is not warranted simply because the defendant disagrees with the court's findings. Naser's argument is without merit.

### IV. CONCLUSION

Based on the facts and conclusion above, the Court will DENY Defendant's Motion to Amend or Modify Judgment Pursuant to FED. R. CIV. P. 59 [#68].

SO ORDERED.

Dated: June 4, 2014                     /s/Gershwin A Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

4