UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEXON INSURANCE COMPANY,

    Plaintiff,

vs.

Case No. 12-cv-13218
HON. GERSHWIN A. DRAIN

AZIZ NASER,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND INTEREST [#62]

### I.   INTRODUCTION

On July 23, 2012, Plaintiff, Lexon Insurance Company ("Lexon"), filed a Complaint against Defendant, Aziz Naser ("Naser"). The Court conducted a bench trial on March 10, 2014. On April 16, 2014, the Court entered a Judgment in favor of Lexon. *See* Dkt. No. 61. Presently before the Court is Lexon's Motion for Attorney Fees, Costs, and Interest [#62], filed on April 30, 2014. This matter is fully briefed. Naser filed a Response on June 2, 2014, and Lexon filed a Reply on June 9, 2014. Both parties submitted additional briefing, as requested by the Court, on July 7, 2014.

Based on the facts and case law below, the Court will deny Lexon's Motion for Attorney Fees, Costs, and Interest.

**II.     ANALYSIS**

    **A.     Standard of Review**

Under the general American rule, unless Congress provides otherwise, parties to a litigation are to bear their own attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). The prevailing party must point to a specific statute or other authority allowing for an award of attorney's fees. *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636 (6th Cir. 2000). The decision to grant attorney's fees is within the sound discretion of the district court. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

If the court finds that an award of fees is appropriate, it must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 7 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The court must use the "lodestar" method to determine the appropriate amount of attorney fees. *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005). This method requires a finding of "the proven number of hours reasonably expended on the case by an attorney, multiplied by his [] court-ascertained reasonable hourly rate." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 937 (E.D. Mich. 2005). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

"The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Fees that are not reasonably expended, such as fees incurred as a result

of duplication of efforts, are to be excluded. *Id.*

In assessing the "reasonable hourly rate" component of the lodestar method, the district court should assess the "prevailing market rate in the relevant community*." Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record ." *Addock-Ladd*, 227 F. 3d at 350.

### B. ATTORNEY FEES

#### 1. Liability Under the Agreement

Lexon argues that it is entitled to an award of actual attorney fees in at least the amount of $108,971.00, which will continue to accrue until the Judgment is satisfied. In entering a Judgment in favor of Lexon, this Court found that Naser was personally liable to indemnify Lexon based on the written indemnity agreement (the "Agreement"). Pursuant to the Agreement, Naser agreed:

> To hold harmless and indemnify Surety from any and all liability, damages, loss, costs and expenses of every kind, including attorney fees, which may be sustained or incurred arising out of the execution, enforcement, procurement of release, or other action involving the application and/or issuance of the bond.
>
> To pay interest, at the highest legal rate allowed, in the event of any payment by Surety, from the date such payments are made.

At this time Lexon has acquired $108,971.00 in legal fees as a result of Naser's breach.

Naser maintains that Lexon is not entitled to attorney's fees, costs, and interest because the Agreement only provides for costs accrued in the enforcement, execution, or application of the bond - not in the interpretation of the indemnity agreement. The instant action was brought to determine the enforceability of the Agreement.

However, Naser seemingly waived this argument in his Response. On March 3,

2014, the Parties stipulated to entry of this Court's Order which expressly stated, "[n]otwithstanding anything to the contrary herein, trial shall be bifurcated such that Plaintiff's alleged damages for attorneys' fees, costs, and interest will be addressed in post-judgment motion practice, if necessary." *See* Dkt. No. 57. Therefore, if Naser had any arguments as to his liability for Lexon's attorney fees, costs, and interest, he should have raised them at trial.

Furthermore, the Court's Judgement found for Lexon "in at least the amount of $256,913.64, plus attorneys' fees, costs, and interest which continue to accrue." *See* Dkt. No. 18. FED. R. CIV. P. 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Judgment was entered on April 16, 2014, and the arguments Naser raises in its June 2, 2014 Reply are well past the 28-day deadline.

While the Sixth Circuit has yet to establish precedence as to how to interpret prosecution in which an indemnitee seeks to recover legal fees incurred in establishing its right to indemnification, this Court should consider the rulings of other state and federal courts in reaching its conclusion. In *Peter Fabrics, Inc. v. Hermes*, 765 F.2d 306, 315 (2nd Cir. 1985), the Second Circuit held that "[w]hile an indemnitee may recover from his indemnitor attorneys' fees and expenses incurred in defending a claim as to which he is indemnified, he may not recover fees and expenses incurred to establish his right against the indemnitor." *See Flunker v. U.S.*, 528 F.2d 239, 246 (9th Cir. 1975); *see also Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 959 (5th Cir. 1984) (citing *Signal Oil & Gas Co. v. Barage W-701*, 654 F.2d, 1164, 1178 (5th Cir. 1981) ("[U]nder a general indemnity agreement...the indemnitee enjoys no right to recover its legal fees incurred in establishing

its right to indemnification"); *see also U.S. V. Hardy*, 916 F. Supp. 1385 (1996).

In *Peter Fabrics*, the Second Circuit reasoned that:

> fees and expenses incurred in establishing the existence of an obligation to indemnify...are not by their nature a part of the claim indemnified against. Rather, they are costs incurred in suing for a breach of contract, to wit, the failure to indemnify. As such, fees and expenses incurred in establishing the indemnity obligation fall within the ordinary rule requiring a party to bear his own expenses of litigation.

*Peter Fabrics*, 765 F.2d at 316. The court in *Peter Fabrics* further recognized that the general rule does not apply if the "agreement explicitly says otherwise." *Id.*; *See also Wacker Chemical Corp. v. Bayer Cropscience Inc.*, No. 05-72207, 2007 WL 4201147, *3 (E.D. Mich. Nov. 28, 2007) ("[w]ithout an 'unequivocal' indication in an indemnification agreement that its provisions extend further than actions brought by third-parties, the contract's indemnification does not apply to suits brought by the parties to the contract"). The statement "including but not limited to cost of suit and attorneys'" added to an indemnity agreement was not enough to override the general rule. *Peter Fabrics*, 765 F.2d at 316.

Citing *Peter Fabrics*, in *Cont'l Heller Corp. v. Amtech Mech. Serv., Inc.,* 53 Cal. App. 4th 500 (1997), the inclusion:

> [a]nd the subcontractor shall indemnify the Contractor, and save it harmless from any and all loss, damage, costs, expenses, and attorney's fees suffered or incurred on account of any breach of the aforesaid obligations and covenants [the indemnity obligations], and any other provision or covenant of this subcontract

was considered specific enough for the court to award the indemnitee its attorneys' fees and expenses incurred in prosecuting the indemnity action.

Lexon drafted the Agreement, which only refers to attorney fees "which may be sustained or incurred arising out of the execution, enforcement, procurement of release,

5

or other action involving the application and/or issuance of the bond." There is nothing in the Agreement that lists enforcement of the obligation as an instance where attorney's fees are recoverable. Furthermore, noticeably absent in the instant Agreement is the language Lexon commonly employs in other indemnity contracts:

> The indemnitors will indemnify and save the Company harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense...including fees of attorneys...land the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the indemnitors under this Agreement.

The Michigan Court of Appeals has established a general rule "concerning the assessment of attorney fees in an indemnity action[,]...that an indemnitee may recover his 'necessary defensive fees.'" *Redfern v. R.E. Dailey & Co.*, 146 Mich. App. 8, 19 (1985) (citing *Hayes v. Gen. Motors Corp.*, 106 Mich. App. 188, 201 (1981)) ("[T]he attorney fees requested have to have been an expense incurred in the defense of the claim indemnified against and not an expense incurred in establishing the right of indemnity"). The court in *Nat'l R.R. Passenger Corp., v. City of Bloomfield Hills School Dist.*, No. 06-10135, 2007 WL 1289884, *4 (2007), recognized that "there is some authority for the proposition that attorney fees can be recovered as an expense incurred in the defense of the claim indemnified against, but not an expense incurred in establishing the right of indemnity...however whether Michigan courts have accepted such a rule 'is in some doubt.'" (citing *Hayes*, 106 Mich. App. at 200).

Given the movement of the surrounding state and federal courts towards adopting the general rule prohibiting an indemnitee from recovering "fees and expenses incurred to establish his right against the indemnitor," *Peter Fabrics*, 765 F.2d at 315, "in the absence of express language giving the indemnitee such a right," this Court will deny Lexon's Motion

for Attorney's Fees, Costs, and Interest. *Mitchell Co., Inc. v. Campus*, No. 08-0342-KD-C, 2009 WL 532246, *15 (S.D. Ala. Mar. 3, 2009).

### III. CONCLUSION

Based on the facts and case law above, this Court will DENY Plaintiff's Motion for Attorney Fees, Costs, and Interest [#62].

SO ORDERED.

Dated: July 22, 2014                    /s/Gershwin A Drain
                                         GERSHWIN A. DRAIN
                                         UNITED STATES DISTRICT JUDGE