UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEXON INSURANCE COMPANY,

    Plaintiff,

vs.
                                            Case No. 12-cv-13218
                                            HON. GERSHWIN A. DRAIN

AZIZ NASER,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [#79]

### I. INTRODUCTION

On July 23, 2012, Plaintiff, Lexon Insurance Company ("Lexon"), filed a Complaint against Defendant, Aziz Naser ("Naser"). The Court conducted a bench trial on March 10, 2014. On April 16, 2014, the Court entered a Judgment in favor of Lexon. *See* Dkt. No. 61. Presently before the Court is Lexon's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Attorney Fees, Costs, and Interest, *See* Dkt. No. 78, filed on August 7, 2014.

Based on the facts below, the Court will grant Lexon's Motion for Reconsideration.

### II. ANALYSIS

On April 16, 2014, this Court found, among other things, that Naser was personally required to indemnify Lexon pursuant to a written indemnity agreement (the "Agreement"). *See* Dkt. No. 60. As a result of the Court's holding, Naser is required to indemnify Lexon as to the amount of $256,913.64. Pursuant to the Agreement, Naser agreed to "pay

1

interest, at the highest legal rate allowed, in the event of any payment by Surety, from the date such payments are made." *Id.* Naser did not dispute that the Agreement allowed Lexon to recover interest on the amounts Lexon paid in satisfaction of the claims, the applicable interest rate, the accrual date, the fact that interest continues to accrue until the judgment is satisfied, and the amount of interest Lexon requested ($35,001.20 as of April 28, 2014), therefore Naser waived whatever arguments he could have raised and the Court did not need to perform any analysis regarding competing arguments. *See* Doc. No. 78.

In its Order, the Court specifically relied on the general rule prohibiting an indemnitee from recovering "fees and expenses incurred to establish his right against the indemnitor." *Peter Fabrics, Inc. v. Hermes*, 765 F.2d 306, 315 (2nd Cir. 1985). Lexon's request for interest as to the underlying claims is based on the express language of the Agreement, making the general proposition from *Peter Fabrics* inapplicable.

Therefore, the Court will award Lexon $35,001.20 in interest, through April 28, 2014. Interest will continue to accrue until the Judgment is satisfied.

### III. CONCLUSION

Based on the facts above, this Court will grant Plaintiff's Motion for Reconsideration [#79].

SO ORDERED.

Dated: August 25, 2014

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

2

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 25, 2014, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk