UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEXON INSURANCE COMPANY,

    Plaintiff,

v.

                                  Case No. 12-cv-13218
                                  HON. GERSHWIN A. DRAIN

AZIZ NASER,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY EXECUTION PENDING APPEAL PURSUANT TO A CASH DEPOSIT IN LIEU OF A SUPERSEDEAS BOND AND DENYING DEFENDANT'S MOTION FOR SANCTIONS [#88]**

**I.     INTRODUCTION**

On July 23, 2012, Plaintiff, Lexon Insurance Company ("Lexon") filed the instant action against Defendant, Aziz Naser ("Naser"). Plaintiff alleges the breach of an indemnity agreement ("the Agreement") between the two Parties. Plaintiff specifically alleges that Defendant failed to uphold his part of the bargain when he failed to indemnify Plaintiff from "claims, costs, losses, and expenses arising from the procurement and execution" of six surety bonds. Plf.'s First Am. Compl. 4.

On March 11, 2014, this Court conducted a bench trial. On April 16, 2014, the Court entered a Judgment, finding in favor of the Plaintiff and against the Defendant. Dkt. No. 61. On June 4, 2014, the Court entered an Order Denying Defendant's Motion to Amend or Modify the Judgment. Dkt. No. 70. On July 7, 2014, Defendant filed a Notice of Appeal. Dkt. No. 74.

Presently before this Court is Defendant's Motion to Stay Execution of the Judgment Pending Appeal Pursuant to a Cash Deposit [#88]. Defendant also requests a sanctions award for having to move to file the instant Motion due to Plaintiff's refusal to stipulate to a cash deposit in lieu of a *supersedeas* bond. The Motion was filed on October 20, 2014. The Motion is fully briefed. Plaintiff filed a Response [#90] with this Court on November 3, 2014. Defendant filed a Reply [#91] on November 10, 2014.

For the reasons that follow, the Court will DENY Defendant's Motion to Stay Execution with a Cash Deposit as well as Defendant's Motion for Sanctions [#88].

## II.   LAW AND ANALYSIS

### A. Standard of Review

Under the Federal Rules of Civil Procedure:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

FED. R. CIV. P. 62(d).

A court may, in its discretion, modify or even waive the full bond requirement pursuant to Rule 62(d). *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 353 (E.D. Mich. 1998) (citations omitted). The *Hamlin* court, however, emphasized:

> [S]hould a court choose "to depart from the usual requirement of a full security supersedeas bond … it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." The opposing party has no obligation to introduce evidence to the contrary.

*Id.* (citations omitted). The *Hamlin* court further stated:

> A waiver of the bond requirement may be appropriate "where the defendant's ability to pay the judgment is so plain that the cost of the bond

>would be a waste of money; and … where the requirement would put the defendant's other creditors in undue jeopardy."

*Id.* (citing *Olympia v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

Lastly, it is not enough that a defendant demonstrates that it merely has the funds to adequately substitute for a subsedeas bond. *See id.* at 353-54 ("Rule 62(d)'s bond requirement serves a substantial function in balancing the parties' interest and is not a mere formality that should be waived simply because the losing party has adequate funds to satisfy the judgment…. Defendants have the burden of proving not merely that they are capable of satisfying the judgment, but rather that their ability to do so is so plain that requiring a bond would simply be a waste of money."). The appellant is also obligated to show the court that it will "protect[] the non-appealing party 'from the risk of a later uncollectible judgment'." *Id.* at 351. The *Hamlin* court stated:

>When an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to present "a financially secure plan for maintaining that same degree of solvency during the period of an appeal." However, because Rule 62(d) expressly dictates that a supersedeas bond must be posted, only in "extraordinary circumstances" should anything less be required.

*Id.* at 353. In sum, a movant is required to demonstrate both the obvious nature of his ability to pay and also a financially secure plan for maintaining the same level of solvency if a court is to exercise its discretion for modifying Rule 62(d)'s bond requirement.

### B. Defendant's Motion to Stay Execution of Judgment Pending Appeal Pursuant to a Cash Deposit in Lieu of a *Supersedeas* Bond

In the present Motion, Defendant challenges Plaintiff's refusal to stipulate to a cash deposit in lieu of a supersedeas bond while the execution of the judgment is stayed pending the outcome of his appeal. The Parties agree that a bond amount of $320,000 is proper. *See* Def.'s

Mot. to Stay Execution Pending Appeal Pursuant to a Cash Deposit, Ex. A. Defendant contends, however, that he should be allowed to substitute the appeal bond for a cash deposit, in the full amount.

Defendant argues that by agreeing to make a cash deposit in the full amount, he has demonstrated that his "ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Hamlin*, 181 F.R.D. at 353. Defendant further contends that Plaintiff's refusal is only for the purpose of punishing Defendant Naser by maximizing the cost of his stay pending appeal. Dkt. No. 88.

On the other hand, Plaintiff contends that a cash deposit provides inferior security to a supersedeas bond. *See Hamlin*, 181 F.R.D. at 353. Plaintiff supports its argument by pointing to concerns regarding Naser's solvency and, in particular, his ability to remain solvent during the appeals period. Dkt. No. 90. In addition, Plaintiff highlights that Defendant has failed to provide a financially secure plan for maintaining the same degree as its present solvency. *See Hamlin*, 181 F.R.D. at 353.

The only issue that this Motion presents is whether the Court should relieve Defendant's obligation to deposit a supersedeas bond and instead allow Defendant to make a cash deposit. In order for the Court to move in favor of Defendant, Defendant first has the burden of proving not merely that they are capable of satisfying the judgment, but rather that their ability to do so is so plain that requiring a bond would simply be a waste of money. In this Motion, Defendant requests a modification, not a complete waiver of the bond requirement. With that being the request, Defendant has demonstrated his ability to satisfy the judgment is so plain as to be a waste of money.

As a second matter, Defendant must provide a secure financial plan that would demonstrate his ability to remain solvent. Defendant has not provided the Court with such a financial plan. As a result, the Court declines to exercise its discretionary power to modify the statutory requirement.

Note that the Court does not address Plaintiff's issue of whether the cash deposit is less superior than a supersedeas bond. The Court has found that the second requirement is altogether lacking. For this reason, such a discussion is not warranted.

### C. Defendant's Motion for Sanctions Against Plaintiff for Fees and Costs Associated with Filing the Instant Motion and Reply

The Court will deny Defendant's request to be reimbursed for fees and costs incurred in having to file both the instant Motion and Reply. Defendant sought Plaintiff's concurrence as to the primary legal issue presented in this Motion. Plaintiff did not stipulate to Defendant's request. Defendant further contends, however, that it failed to provide an explanation in regard to its refusal to stipulate. Yet, as already stated above, Plaintiff was under no obligation to introduce evidence as to why it refuses to depart from the statutory requirement of a full security supersedeas bond. *Hamlin*, 181 F.R.D. at 353. The onus is entirely on the Defendant, the movant, to provide objective reasons for the departure. *Id.* For this reason, the Plaintiff should not be held to account for this lineage of briefing and deliberation. In addition, Plaintiff was under no obligation to stipulate to Defendant's demand under these circumstances; Lexon's refusal to do so does not justify the imposition of sanctions. As a result, the Court finds that Defendant has not provided adequate grounds for sanctions against the Plaintiff.

### III. CONCLUSION

As a second matter, Defendant must provide a secure financial plan that would demonstrate his ability to remain solvent. Defendant has not provided the Court with such a financial plan. As a result, the Court declines to exercise its discretionary power to modify the statutory requirement.

Note that the Court does not address Plaintiff's issue of whether the cash deposit is less superior than a supersedeas bond. The Court has found that the second requirement is altogether lacking. For this reason, such a discussion is not warranted.

### C. Defendant's Motion for Sanctions Against Plaintiff for Fees and Costs Associated with Filing the Instant Motion and Reply

The Court will deny Defendant's request to be reimbursed for fees and costs incurred in having to file both the instant Motion and Reply. Defendant sought Plaintiff's concurrence as to the primary legal issue presented in this Motion. Plaintiff did not stipulate to Defendant's request. Defendant further contends, however, that it failed to provide an explanation in regard to its refusal to stipulate. Yet, as already stated above, Plaintiff was under no obligation to introduce evidence as to why it refuses to depart from the statutory requirement of a full security supersedeas bond. *Hamlin*, 181 F.R.D. at 353. The onus is entirely on the Defendant, the movant, to provide objective reasons for the departure. *Id.* For this reason, the Plaintiff should not be held to account for this lineage of briefing and deliberation. In addition, Plaintiff was under no obligation to stipulate to Defendant's demand under these circumstances; Lexon's refusal to do so does not justify the imposition of sanctions. As a result, the Court finds that Defendant has not provided adequate grounds for sanctions against the Plaintiff.

### III. CONCLUSION

This Court DENIES Defendant's Motion to Stay Execution Pending Appeal Pursuant to a Cash Deposit in Lieu of a Supersedeas Bond [#88].

This Court further DENIES Defendant's Motion for Sanctions [#88] concerning the filing of the instant Motion and Reply.

IT IS SO ORDERED.

Dated: December 10, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge